A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ PAULA HARRISON
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
June 1, 2026

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| | ) | Case No: 26 CR 261 |
| | ) | |
| v. | ) | Judge: Daniel P. McLaughlin |
| | ) | |
| Manuel Joseph Chavez | ) | |

## ORDER

Initial appearance and removal proceedings held. Defendant Manuel Joseph Chavez arrested on 5/27/26 at approximately 11 a.m. pursuant to an arrest warrant issued out of the Middle District of Florida (26-CR-118) and appeared before Judge McLaughlin on 5/27/26 at 3 p.m.. Anthony Hill was appointed as counsel pursuant to the CJA. AUSA Alec Smith appeared for the government. Pretrial Services Officer Shawn Smitherman II also appeared. Defendant was advised of his rights, the charges contained in the pending indictment returned in the Middle District of Florida, and the maximum possible penalties if Defendant is convicted of those charges. The government sought Defendant's removal in custody and moved under 18 USC 3142(f)(1)(B) and (E) to hold Defendant pending a detention hearing. Defendant informed the Court that he was waiving his right to a detention hearing in this district. Because Defendant waived detention, the Court ordered his removal in the custody of the U.S. Marshals Service. The Court will not make specific findings related to danger to the community or risk of flight, and the order detaining Defendant is without prejudice to his ability to raise the issue when he arrives in the Middle District of Florida. Defendant was advised of right to a so-called identity hearing and elected to waive that hearing. Fed. R. Crim. P. 5(c)(3)(D)(ii). Defendant advised of Rule 20 provisions that would allow Defendant to request the transfer of his case to the Northern District of Illinois. Defendant advised of consular notification provisions. Pursuant to Federal Rule of Criminal Procedure Rule 5(f)(1), the court confirms the prosecutor's continuing obligation under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, to disclose information favorable to the defendant that is material to guilt or punishment. Failure to disclose may result in various consequences, including but not limited to: exclusion of evidence, adverse jury instructions, and dismissal of charges. A telephonic status hearing is set for 6/24/26 at 10:30 a.m. If the parties learn that Defendant has been removed prior to that date, they should inform the Court and the status hearing will be removed from the schedule. Defendant is remanded to the custody of the U.S. Marshals Service.

T: (00:30)
Date: 5/27/26                                      /s/ Judge Daniel P. McLaughlin